# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky
Louisville Division

| | | |
|---|---|---|
| Amber Reid )<br>   *Plaintiff* )<br>)<br>v. )<br>)<br>Tenant Tracker, Inc. )<br>   *Defendant* )<br>Serve: )<br>   Keith A. Clifton )<br>   1550 Bray Central Drive )<br>   McKinney, TX 75069 )<br>)<br>Transworld Systems, Inc. )<br>   *Defendant* )<br>Serve: )<br>   CT Corporation System )<br>   306 West Main Street, Suite 512 )<br>   Frankfort, KY 40601 )<br>)<br>TT Marketing, Inc. )<br>   *Defendant* )<br>Serve: )<br>   Keith A. Clifton )<br>   1550 Bray Central Drive )<br>   McKinney, TX 75069 )<br>) | Case No. | 3:23CV-163-CRS |

## **VERIFIED COMPLAINT AND JURY TRIAL DEMAND**

### **INTRODUCTION**

1. This is a complaint for Defendants' separate violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. §1681 *et seq.*

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 28 U.S.C. §1331, the FDCPA, 15 U.S.C. § 1692k, and the FCRA, 15 U.S.C. §1681p. Venue is proper because each Plaintiff lives and resides

in Hardin County, Kentucky, and because all or most of the relevant events as alleged below occurred in Hardin County, Kentucky, which is located within this District.

## PARTIES

3. Plaintiff Amber Reid is a natural person who resides in Hardin County, Kentucky and a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

4. Defendant Tenant Tracker, Inc. ("Tenant Tracker") is a foreign corporation not registered to do business in the Commonwealth of Kentucky with the Kentucky Secretary of State whose principal office is located at 1550 Bray Central Drive, McKinney, TX 75069.

5. As declared on its official website,

> **Tenant Tracker is a Consumer Reporting Agency** and not a Collection Agency. So, in our Free Processing role we focus on promptly getting the information to the consumer reporting agencies to alert others to the risks, and then forward the account to an appropriate independent Collection Agency where we will administratively monitor the account for you.
>
> Simply give us a breakdown of charges, check the appropriate box, sign and you're done. Our standards for collection processing includes:
>
> > **Post to all 3 Credit Reporting Agencies**
> > Weekly skip tracing for up to 7 years
> > Legally compliant dunning letters
> > Full service Dispute Resolution Center
> > Experienced legal oversight
> > Full service Negotiation Center

http://www.tenanttracker.com/services.html (bolding added).

6. Consequently, Tenant Tracker admits to being a consumer reporting agency ("CRA") that furnishes collection information, for free, to other CRAs for purposes of collecting debt and is hence a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C §1681a(f).

7. Defendant Transworld Systems, Inc. ("TSI") is a foreign corporation registered to do business in the Commonwealth of Kentucky with the Kentucky Secretary of State whose principal place of business is located at 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034.

8. TSI's principal purpose is the collection of debts. TSI regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6), and a furnisher of credit information within the meaning of the FCRA.

9. Defendant TT Marketing, Inc. ("TT Marketing") is a foreign corporation not registered to do business in the Commonwealth of Kentucky with the Kentucky Secretary of State whose principal office is located at 1550 Bray Central Drive, McKinney, TX 75069.

10. TT Marketing's principal purpose is the collection of debts. TT Marketing regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6), and a furnisher of credit information within the meaning of the FCRA.

## STATEMENT OF FACTS

11. Plaintiff Amber Reid ("Reid") unfortunately rented an apartment from Lake Crest Apartments in Elizabethtown, KY, which is an assumed name for Lakecrest Limited, a Kentucky limited partnership registered with the Kentucky Secretary of State to conduct business in the Commonwealth ("Lakecrest").

12. Southwind Management, Inc. ("Southwind"), a Kentucky corporation located in Elizabethtown, KY, manages Lake Crest Apartments.

13. At the end of her lease, Ms. Reid moved out of the apartment leased from Lakecrest.

14. Lake Crest Apartments without justification kept Ms. Reid's security deposit and refused to return it to her.

15. After she moved out, Lake Crest Apartments, in addition to keeping her deposit without justification, claimed that she owed Lake Crest Apartments for various cleaning charges.

16. Lake Crest claimed that she owed $330 in self-awarded cleaning costs.

17. Ms. Reid used her apartment rented from Lake Crest Apartments for personal, family, and/or household purposes, which makes the alleged $330 self-awarded Lake Crest Apartments debt a "debt" within the meaning of the FDCPA.

18. Upon review of her credit report dated July 6, 2022 prepared by consumer reporting agency ("CRA") Trans Union, LLC ("Trans Union"), Ms. Reid discovered a collection tradeline furnished by Defendant Tenant Tracker, Inc. ("Tenant Tracker") in connection with alleged

Lakecrest debt (the "Tenant Tracker Tradeline").

19. The Tenant Tracker Tradeline provides:

**TENANT TRACKER**
2895**

| | |
|---|---|
| **Address**<br>PO BOX 1990 McKinney, TX 75070 | **Phone**<br>(800) 658-9369 |
| **Date Opened**<br>01/05/2020 | **Responsibility**<br>Individual Account |
| **Account Type**<br>Open Account | **Loan Type**<br>COLLECTION AGENCY/ATTORNEY |
| **Balance**<br>$495 | **Date Updated**<br>06/09/2022 |
| **High Balance**<br>$330 | **Original Creditor**<br>SOUTHWIND MANAGEMENT INC |
| **Past Due**<br>$495 | **Pay Status**<br>>Collection< |
| **Estimated month and year this item will be removed**<br>07/2026 | **Remarks**<br>Account information disputed by consumer (FCRA); >PLACED FOR COLLECTION< |

20. The Tenant Tracker Tradeline is false and inaccurate in two respects: (1) According to Lake Crest Apartments, the alleged amount of the self-awarded debt is $330, not $495 as stated in the tradeline. (2) Southwind, identified as the "original creditor" in the Tenant Tracker Tradeline, is not the original creditor, which greatly confused Ms. Reid, who had no known debtor-creditor relationship with Southwind.

21. On July 14, 2022, Ms. Reid sent a dispute letter directly to Tenant Tracker.

22. Receipt of Ms. Reid's dispute letter triggered Tenant Tracker's duty under 15 U.S.C. §1681i(a)(1) to conduct a reasonable investigation of Ms. Reid's dispute and, consequently, because Tenant Tracker acted as both CRA and furnisher, Tenant Tracker's duty to forward Ms. Reid's dispute letter to itself and to conduct a second reasonable investigation under 15 U.S.C. §1681s-2(b)(1).

23. Tenant Tracker failed to conduct a reasonable investigation of Ms. Reid's dispute letter.

24. On July 20, 2022, Defendant TT Marketing, Inc. ("TT Marketing") sent Ms. Reid a letter stating:

Dear Amber Reid,

We received your 1st dispute letter addressed to TT Marketing on 7/19/2022. Please be aware that this account has been validated by the property and referred to another collection agency. The contact information for Transworld Systems Inc (TSI) is listed below. You will need to contact them directly for more information and any other requests.

Thank you,
TT Marketing

25. As noted above, the alleged amount of the collection account, $495, is false, inaccurate, and overstated. Further, Southwind is not the original creditor. Consequently, Tenant Tracker violated the FCRA by failing to conduct a reasonable investigation of Ms. Reid's dispute.

26. Further, that TT Marketing responded to Ms. Reid's dispute instead of Tenant Tracker is confusing. The only ready explanation of the TT Marketing response is that TT Marketing was in fact the entity that furnished the credit information about Ms. Reid contained in the Tenant Tracker Tradeline. It could be that TT Marketing furnished the credit information in the Tenant Tracker Tradeline in an effort to shield itself from liability and to allow it to defend on ground of lack of personal jurisdiction in connection with any lawsuit filed against it.

27. On March 23, 2023, TSI sent Ms. Reid a dunning letter in an attempt to collect a debt.

28. Upon information and belief, the debt at issue in the March 23, 2023 TSI dunning letter was an attempt to collect the alleged Lakecrest debt from Ms. Reid. This allegation is upon and information and belief because the letter is an attempt to collect a $495 debt from Ms. Reid on behalf of TT Marketing, Inc. who is identified in the March 23, 2023 dunning letter as the current creditor on the account.

29. TSI's March 23, 2023 letter misrepresents the amount of the Lakecrest debt and misrepresents the current creditor of the debt.

## CLAIMS FOR RELIEF

I.   **Claims against Tenant Tracker, Inc.**

30.   The foregoing acts and omissions of Defendant Tenant Tracker, Inc. ("Tenant Tracker") constitute violations of the FCRA.

   A.   **Violations of 15 U.S.C. § 1681(i)(a)**

31.   Ms. Reid sent a written dispute letter to Tenant Tracker on July 14, 2022 that disputed credit information furnished by Tenant Tracker.

32.   Upon receipt of Ms. Reid's dispute letter, Tenant Tracker had a duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable investigation of Ms. Reid's dispute. Tenant Tracker violated its express statutory duty by failing to conduct a reasonable investigation of Ms. Reid's dispute.

33.   Tenant Tracker verified that the information in the Tenant Tracker Tradeline was correct. But it was and is not. The alleged amount of the Lakecrest debt is $330 and not $495 as published in the Tenant Tracker Tradeline. And Southwind Management, Inc. is not the original creditor on this debt. Rather, Lakecrest is the creditor.

34.   Tenant Tracker's violations of the FCRA has damaged Ms. Reid's credit, her credit score, her ability to obtain credit, and caused out-of-pocket expenses relating to postage and mileage in subsequent efforts to correct the false information in the Tenant Tracker Tradeline and its subsequent iterations in the hands of various other debt collectors.

35.   Tenant Tracker's conduct, actions and inactions were willful, rendering Tenant Tracker liable under 15 U.S.C. §1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

36.   In the alternative, Tenant Tracker's conduct, actions and inactions were negligent, rendering Tenant Tracker liable under 15 U.S.C. §1681o for actual damages, along with attorney's fees and costs.

   B.   **Violation of 15 U.S.C. § 1681s-2(b)(1)**

37.   Ms. Reid sent a written dispute letter to Tenant Tracker on July 14, 2022 that disputed credit information furnished by Tenant Tracker.

38.   Tenant Tracker as furnisher of the credit information in the Tenant Tracker Tradeline had a statutory duty under 15 U.S.C. §1681s-2(b)(1) to conduct a reasonable

investigation of Ms. Reid's dispute. Tenant Tracker violated its express statutory duty by failing to conduct a reasonable investigation of Ms. Reid's dispute.

39. Tenant Tracker verified that the information in the Tenant Tracker Tradeline was correct. But it was and is not. The alleged amount of the Lakecrest debt is $330 and not the $495 as published in the Tenant Tracker Tradeline. And Southwind is not the original creditor on this debt. Rather, Lakecrest is the creditor.

40. Tenant Tracker's conduct, actions and inactions were willful, rendering Tenant Tracker liable under 15 U.S.C. §1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

41. In the alternative, Tenant Tracker's conduct, actions and inactions were negligent, rendering Tenant Tracker liable under 15 U.S.C. §1681o for actual damages, along with attorney's fees and costs.

### C. Violation of 15 U.S.C. § 1681e(b)

42. Tenant Tracker published false and inaccurate credit information in the Tenant Tracker Tradeline to its users and subscribers that includes false and inaccurate credit information in the Tenant Tracker Tradeline.

43. The Tenant Tracker Tradeline overstates the alleged amount due in the Lakecrest debt and falsely states that Southwind is the creditor of the debt.

44. 15 U.S.C. § 1681e(b) provides:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

45. Tenant Tracker as both the CRA and furnisher of information in the Tenant Tracker Tradeline should have been aware of the Lakecrest debt and the creditor of the debt.

46. Tenant Tracker's conduct, actions and inactions were willful, rendering Tenant Tracker liable under 15 U.S.C. §1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

47. In the alternative, Tenant Tracker's conduct, actions and inactions were negligent, rendering Tenant Tracker liable under 15 U.S.C. §1681o for actual damages, along with attorney's fees and costs.

## II. Claims against TT Marketing, Inc.

48. The foregoing acts and omissions of Defendant TT Marketing, Inc. ("TT Marketing") constitute violations of the FDCPA.

49. TT Marketing, Inc.'s violations of the FDCPA include, but are not limited to, violations of:

- 15 U.S.C. § 1692e(2)(A). TT Marketing misrepresented the amount of the Lakecrest debt and the current creditor of the debt.

- 15 U.S.C. § 1692e(8). TT Marketing furnished false and inaccurate credit information in the Tenant Tracker Tradeline, *i.e.* falsely represented the amount owed and the creditor to whom the debt is allegedly owed.

- 15 U.S.C. § 1692e(14). TT Marketing falsely represented that it was Tenant Tracker, Inc. by in fact furnishing the credit information in the Tenant Tracker Tradeline.

- 15 U.S.C. 1692e(15). TT Marketing falsely represented and/or implied that it was a consumer reporting agency by furnishing credit information to Trans Union by falsely representing that Tenant Tracker was the furnisher of the credit information in the Tenant Tracker Tradeline.

- 15 U.S.C. § 1692f(1). TT Marketing attempted to collect fees and/or interest from Ms. Reid that it had neither a contractual nor legal right to collect from her, *i.e.* by attempting to collect $495 from Ms. Reid that the creditor of the debt affirmatively claims is no more than $330 in self-awarded charges.

## III. Claims against Transworld Systems, Inc.

50. The foregoing acts and omissions of Defendant Transworld Systems, Inc. ("TSI") constitute violations of the FDCPA.

51. TSI's violations of the FDCPA include, but are not limited to, violations of:

- 15 U.S.C. § 1692e(2)(A). TSI misrepresented the amount of the Lakecrest debt and the current creditor of the debt in the March 7, 2023 dunning letter.

- 15 U.S.C. § 1692f(1). TSI attempted to collect fees and/or interest from Ms. Reid that it had neither a contractual nor legal right to collect from her, *i.e.* by attempting to collect $495 from Ms. Reid that the creditor of the debt affirmatively claims is no more than $330 in self-awarded charges.

- FDCPA Reg. F, 12 C.F.R. 1006.34(c)(v)(4)(i). TSI's March 7, 2023 dunning letter did not

include the required consumer prompts required by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amber Reid requests that the Court grant her the following relief:

1. Award Plaintiff maximum statutory damages against Tenant Tracker pursuant to 15 U.S.C. §1681n for Tenant Tracker's willful violations of the FCRA;

2. Award Plaintiff maximum statutory damages against TT Marketing and TSI pursuant to 15 U.S.C. §1692k for TT Marketing and TSI's separate violations of the FDCPA;

3. Award Plaintiff actual damages against each Defendant for each Defendant's separate violations of the FCRA and FDCPA;

4. Award Plaintiff punitive damages against Tenant Tracker pursuant to 15 U.S.C. §1681n for Tenant Tracker's willful violations of the FCRA;

5. Award Plaintiff attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@lawsonatlaw.com

## **VERIFICATION**

Plaintiff Amber Reid declares as follows:

1. I am the Plaintiff in the present case.

2. I reside in Hardin County, KY.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called upon to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under the penalty of perjury under the laws of the United States of America and the Commonwealth of Kentucky that the factual averments in this Verified Complaint concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on April ___, 2023.

_____
Amber Reid